IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BILLIE JOE CHAPMAN, | ) | |
|---|---|---|
| Petitioner, | ) | 8:17CV137 |
| v. | ) | |
| DOUGLAS COUNTY DEPT. OF CORRECTIONS DOUGLAS COUNTY NEBRASKA, | ) | MEMORANDUM AND ORDER |
| Respondent. | ) | |

Pending before me is a petition for writ of habeas corpus and a motion to amend the petition seeking to specifically name the respondents. I shall deny the petition without prejudice and deny the motion as moot.

Chapman is charged with burglary in the Douglas County, Nebraska District Court. He is in custody because he can't or won't make bail. He has not been convicted and thus, as a pretrial detainee, I construe his petition under the provisions of 28 U.S.C. § 2241(c)(3). I conduct an initial review of the petition under 28 U.S.C. § 2243[1]. Moreover, Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* allows me to apply Rule 4 of those rules to a section

---

[1] For pretrial detainees, section 2241, rather than section 2254, is the correct statute under which to proceed. *Phillips v. Court of Common Pleas, Hamilton Cty.*, Ohio, 668 F.3d 804, 808 (6th Cir. 2012) (District court, in determining the legal standards applicable to a habeas petition brought by a state pretrial detainee, should have evaluated petition under the statute generally granting habeas authority to federal courts, rather than the habeas statute specifically addressing those "in custody pursuant to the judgment of a State court"; while the detainee remained "in custody," his custody was not "pursuant to the judgment of a State court," but, rather, he was in custody pursuant to an indictment)

2241 petition. I do so now, finding and concluding that it plainly appears from the petition and attached documents that he is not entitled to relief.

Chapman generally claims that he is not guilty, that he is being "railroaded" and that his bond is excessive[2]. However, he has attached to his petition a copy of a state trial judge's order dated April 12, 2017. Among other things, that order shows that (1) the petitioner is represented by counsel; (2) the state judge held a hearing on April 4, 2017, where the judge heard arguments directly responsive to the allegations made here; (3) the judge reviewed the order setting bail but refused to change it; (4) the judge took evidence, including the probable cause affidavit, and refused to quash the prosecution; and (5) the judge denied a petition for writ of habeas corpus. That order also shows that the petitioner withdrew his motion for a writ of mandamus. Additionally, the judge set trial for September 5, 2017.

Chapman is not now entitled to relief because he has failed to show extraordinary or special circumstances that would warrant a federal court intervening in an ongoing state prosecution. *See*, *e.g.*, Stacy L. Davis, et al, § 41:311.Interaction of pretrial habeas petition with abstention, 16A Fed. Proc., L. Ed. § 41:311 (collecting cases. Thus:

> Principles of comity and federalism require a federal court to abstain from deciding a pretrial habeas claim under 28 U.S.C.A. § 2241 claim unless the prisoner demonstrates that (1) he or she has exhausted available state judicial remedies, and (2) special circumstances warrant federal intervention. This policy of equitable restraint is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for the vindication of federal constitutional rights. Federal courts should abstain from the exercise of 28 U.S.C.A. § 2241 jurisdiction if the issues raised in the petition may be

---

[2]According to the Douglas County, Nebraska Inmate Locator (an internet site provided by the County), Chapman's bail for the burglary charge is $30,000 with the option to post ten percent of that amount to secure his release. That record also shows that Chapman has been in custody since February 9, 2017. I take judicial notice of this information.

resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. Only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, the judgment has been appealed from, and the case has been concluded in the state courts.

*Id*. (footnotes omitted).

Finally, and relying upon the broad language in § 2253(c)(1)(A) ("the detention complained of arises out of process issued by a State court"), I determine that the certificate of appealability requirement is applicable to § 2241 petitions filed by state prisoners who are pretrial detainees. The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Chapman is not entitled to a certificate of appealability.

IT IS ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is denied without prejudice.

2. The motion to name respondents (filing no. 6) is denied as moot.

3. No certificate of appealability has been or will be issued by the undersigned.

4. A separate judgment will be entered.

DATED this 18th day of May, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

3